# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **TRACY A. SEGURA, SR.,** | * | **CIVIL ACTION NO.** |
| *Plaintiff,* | * | |
| | * | |
| **VERSUS** | * | **DISTRICT JUDGE** |
| | * | |
| **LOUIS DeJOY,** | * | |
| in his official capacity as | * | **MAGISTRATE JUDGE** |
| **POSTMASTER GENERAL,** | * | |
| *Defendant.* | * | |
| | * | **JURY TRIAL DEMAND** |

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

## COMPLAINT

**NOW INTO COURT**, through undersigned counsel, comes Tracy A. Segura, Plaintiff herein, who respectfully files this Complaint, asserting claims against Defendant Louis DeJoy, in his official capacity as Postmaster General, alleging and averring the following:

## PARTIES

1.

Plaintiff, Tracy Segura, (hereinafter "Mr. Segura"), is beyond the full age of majority, having the requisite mental capacity to bring this lawsuit, and presently residing and domiciled in St. Tammany Parish, Louisiana.

2.

Made Defendant herein is Louis DeJoy in his official capacity as Postmaster General of the United States Postal Service (hereinafter "USPS" or "Defendant"), a federally established agency and Plaintiff's employer.

## JURISDICTION AND VENUE

3.

This Court has subject matter jurisdiction over this claim pursuant to Title 29, Code of

Federal Regulations, Part 1614.110(b), as Plaintiff received on June 30, 2023 a Notice of Final Action from the U.S. Postal Service Equal Employment Opportunity office in the matter of Agency Case No. 4G-700-0186-22, which was formally filed by Plaintiff on October 26, 2022 regarding matters at issue in this Complaint.

4.

Moreover, this Court has subject matter jurisdiction over this dispute pursuant to 28 U.S.C. § 1331 based on the presence of a federal question, as Plaintiff's claims against Defendant arise under Title VII of the Civil Rights Act of 1964, as amended, and 42 U.S.C. §1981 (1994), *et seq.* and the Rehabilitation Act of 1973, as amended, 29 U.S.C. § 701 et seq. Further, the claims based on Louisiana state law are so closely related to claims raising federal questions that they form part of the same case or controversy, such that this Honorable Court has supplemental jurisdiction over said matters pursuant to 28 U.S.C. § 1367.

5.

Venue is proper in this Court because the violations of federal and state laws upon which this Complaint is based occurred in Orleans Parish, which is located in the Eastern District of the United States District Courts of Louisiana.

**BACKGROUND FACTS**

6.

At all times relevant, Mr. Segura was employed as City Carrier at the Slidell Post Office in Slidell, Louisiana. Mr. Segura performed his job duties admirably, without complaint and carried out his responsibilities in strict compliance with Defendant's policies and procedures.

7.

On or about June 2021, Mr. Segura sustained a disabling on-the-job injury. He was

diagnosed as having a sprained ACL. Though able to work, Mr. Segura's physician limited and restricted the tasks he could perform. Mr. Segura was released and/or returned to full duty on or about April 2022.

8.

However, since returning to full duty status, Mr. Segura's supervisors have systematically and intentionally treated him differently than his other similarly situated colleagues:

   A. He was not allowed to apply for job vacancy;

   B. From May 13, 2022 to June 4, 2022, he was non-scheduled and not properly paid;

   C. On June 8, 2022, he was wrongfully placed on indefinite suspension;

   D. On July 28, 2022 his supervisors discussed his medical condition with other employees;

   E. On October 4, 2022, he was denied a hold down;

   F. He was scheduled less hours and less days than other City Carrier Assistants;

   G. He has been systematically denied training; and

   H. He was the only City Carrier Assistant not allowed to remain at a designated station but forced to report to other stations.

9.

Mr. Segura believed that he was being mistreated because of his past or perceived disability. Thus, he reported his mistreatment to his union representative and Defendant's EEO representative.

10.

Mr. Segura filed several grievances and complained that his supervisors had wrongfully and unlawfully altered, modified and/or changed the terms and conditions of his employment

because of his past or perceived disability.

11.

Mr. Segura has completed the required EEO process and has received a Final Agency Decision on or about June 30, 2023.

12.

At all times relevant herein, Defendant was and remains liable for the conduct of his managers, employees and/or agents, under the doctrine of Respondeat Superior, as all of the conduct alleged herein occurred in the course and scope of such managers', employees' and/or agents' respective work duties.

13.

Upon information and belief, all of the actions complained of herein were made with malice and/or reckless indifference to Mr. Segura's federal and state protected rights.

14.

As a result of the unlawful actions described above, Defendant is liable for damages, including back pay and front pay; lost benefits; mental anguish; humiliation and embarrassment; loss of reputation; loss of enjoyment of life; foreseeable and unforeseeable damages, compensatory damages; prejudgment interest; attorney's fees and all costs of these proceedings.

15.

Plaintiff is entitled to nonpecuniary damages because Defendant intended, through its agents' egregious conduct toward Plaintiff, to offend and aggrieve Plaintiff's feelings.

16.

Plaintiff demands trial by jury on all issues so triable herein.

WHEREFORE, Plaintiff, Tracy A. Segura, prays that Defendant be duly cited and required to appear and answer this Complaint and Jury Demand and, after all legal delays and due proceedings had, there be judgment rendered herein in favor of Plaintiff and against Defendant as detailed in the foregoing Complaint and Jury Demand, in an amount reasonable in the premises, together with legal interest from the date of judicial demand, all costs of these proceedings, attorneys' fees and for any and all general and equitable relief deemed appropriate by this Honorable Court under the circumstances.

Respectfully submitted,

/s/G. Karl Bernard
G. Karl Bernard (#24294)
KARL BERNARD LAW, LLC
1615 Poydras Street, Suite 101
New Orleans, Louisiana 70112
Telephone: (504) 412-9953
Facsimile: (504) 412-8088
Karlb@karlblaw.com

**Attorney for Plaintiff, Tracy Segura, Sr.**